IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAN L. VACEK,

                    Plaintiff,

     vs.                                         CIVIL NO.  08-1210 LH/LFG

JUDICIAL STANDARDS
COMMISSION et al.,

                  Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING RECUSAL OF MAGISTRATE JUDGE

THIS MATTER is before the Court following review of *pro se* Plaintiff Dan L. Vacek's

("Vacek") pleading captioned "Amended District Judge Option" [Doc. 6].  In affording Vacek a

liberal construction of pleadings as authorized by <u>Northington v. Jackson</u>, 973 F.2d 1518, 1520-1521

(10th Cir. 1992), the Court believes that this "Amended District Judge Option" is, in effect, either a

request to disqualify the undersigned Magistrate Judge from participating in this case, or a request that

the Magistrate Judge recuse.

## ANALYSIS

Federal law provides only two statutory provisions relating to bias or prejudice of a judge and

the disqualification process--28 U.S.C. § 144 and 28 U.S.C. § 455.

## 28 U.S.C. § 144

The procedure to remove a judge for bias or prejudice as set out in 28 U.S.C. § 144 requires

that a party timely file a sufficient affidavit demonstrating that the judge before whom the matter is

pending has a personal bias or prejudice either against him or in favor of an adverse party.  The

affidavit must state facts and reasons for the belief that bias or prejudice exists and is to be filed not

less than ten days before the beginning of the term of court at which the proceeding is to be heard.

A party may file only one affidavit.  28 U.S.C. § 144.

When an affidavit to disqualify a judge is filed under § 144, the judge sought to be disqualified must first pass on the affidavit's sufficiency, compliance with the statute and its timeliness.  Hall v. Burkett, 391 F. Supp. 237, 240 (W.D. Okla. 1975).  There is no automatic disqualification procedure under the statute.  Id.; United States v. Bray, 546 F.2d 851, 857 (10th Cir. 1976).

The affidavit in support of a party's request for disqualification must disclose facts demonstrating bias or prejudice. 28 U.S.C. § 144.  To warrant disqualification, the movant must show bias and prejudice that are personal, extrajudicial, and identified by "facts of time, place, persons, occasion, and circumstances."  Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987).  It is insufficient that a litigant simply be dissatisfied with the judge's performance or rulings on a particular case.  Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997).

First, the pleading filed by Vacek is not an affidavit as required under 28 U.S.C. § 144.  Moreover, Vacek offers no statement of fact or other evidence demonstrating personal bias or prejudice either against him or in favor of an adverse party.  Apart from stating that he does not want any judge who has any association with the Mexican American Legal Defense and Education Fund ("MALDEF"), Vacek cites only to a prior lawsuit, CIV 07-1187 BB/RHS, Vacek v. Court of Appeals et al..  That case does not involve the undersigned Magistrate Judge at all, but appears to be a complaint he advanced against a State trial judge the Honorable Ernesto Romero.[1]

---

[1]Paragraph 20 of Doc. 89 in 07cv1187 states:  "On June 2, 2004 Defendant Romero issued a "*no bond hold*" bench warrant during the Plaintiff's civil case, (Doc. Nos. 4 & 87-2 Exhibit 6A, 6B, 6C, 6D, 6E reduplicated herein) and on June 2, 2005 Defendant Romero allegedly issued a "*no bond hold*" felony warrant during the Plaintiff's civil case appeal (Doc. Nos. 4 & 87-2 Exhibit 14 & Exhibit 14B reduplicated herein) both of which had no legal basis and Defendant Vigil HELD the illegal warrants when Defendant Vigil denied the Plaintiff's appeal for "*not timely*" when in fact the New Mexico Court of Appeals record reflects the Plaintiff's appeal was timely (Doc. No. 4 para. 39, 40, 44 & 45 Exhibits 8, 9, 10-page 5, 11, 12, 13 and Doc. No. 87-2 para. 41, 42, 46 & 47 Exhibits 8, 9, 10-page 5, 11, 12, 13); in addition it has now been well established Defendant Romero and Defendant Vigil where [sic] former real estate, corporate, law practice/ business partners (Doc. Nos. 49-1, 49-3, 49-4, 49-5, 49-6, 49-7, 49-8 & 85) and likely were/remain active participants and/or members of the Mexico American Legal Defense and Education Fund (MALDEF); Defendant Romero's and Defendant Vigil's as a matter of normalcy 'non-judicial' acts (Doc. No. 85) were also '*in absence of jurisdiction*' (Doc. No. 85):"

While Vacek makes reference to MALDEF in his proposed statement of cause for disqualification, he fails to present any fact or argument why an association with MALDEF would compel disqualification in this case.  His only "cause" is set out in Doc. 6, page, bullet point 4, which states:

> [Vacek] elects to have this case [assigned]:
>
> to a United States District Judge and if actually required a "second/secondary" judge who have absolutely no history, no conflicts of interests, no current nor past affiliation <u>in any way what so ever</u> with an organization publically know as Mexican American Legal and Education Defense Fund (MALDEF) and believe to be declared as a 501c federally tax exempt type organization (reference the conflicts of interests the Plaintiff's [sic] has experienced documented under USDC District of New Mexico Case No. 07-cv-01187-BB-RHS, for summary of conflicts of interests reference Doc. No. 89 para. 20).

MALDEF is not representing any party; MALDEF is not a defendant.  Thus, Vacek provides no hint of evidence why the undersigned Magistrate Judge should be disqualified for bias or prejudice[2] or how any showing of alleged bias or prejudice is "personal, extrajudicial and identified by 'facts of time, place, persons, occasion, and circumstances.'"

Finally, under 28 U.S.C. § 144, the judge must consider the question of timeliness.  The statute requires the affidavit to be filed "not less than ten days before the beginning of the term at which the proceeding is to be heard or good cause shown to file it within such time."  28 U.S.C. § 144.

The Court questions whether Vacek's request is timely.  Vacek's complaint was filed on December 31, 2008 [Doc. 1], and his Amended District Judge Option was not filed until January 19, 2009.  The statute provides that an affidavit to disqualify a judge is to be filed "not less than ten days

---

[2]Vacek attached a page from the <u>Almanac of the Federal Judiciary</u> which states that the undersigned Magistrate Judge received The Hispanic National Bar Association's award in 1988.  It was presented by Associate U.S. Supreme Court Justice Anthony Kennedy for "preserving and protecting the civil and constitutional rights of all Americans."  MALDEF presented its "Justice Award" to the undersigned in 1985 for dedicated service on the trial court and on the New Mexico Court of Appeals.  In 1988, the New Mexico Hispanic Bar Association presented an award to the undersigned for "Judicial Excellence."  It is unclear, at best, why the presentation of these awards causes Vacek to perceive bias or prejudice.

before the beginning of the term at which the proceeding is to be heard, or good cause shown for failure to file it within such time." 28 U.S.C. § 144.  Although formal "court terms" are obsolete and the literal ten-day requirement no longer applies, the Court nevertheless requires a party to exercise diligence in filing an affidavit.  Bennett, 539 F.2d at 51.  *See* Hinman, 831 F.2d at 938 ("A motion to recuse must be filed promptly after the allegedly disqualifying facts are discovered.").  *See also* Hall, 391 F. Supp. at 241 (challenge to a judge for bias and prejudice must be made at the first opportunity after discovery of facts tending to prove disqualification).

In this case, Vacek sought the Court's permission to file electronically [Doc. 2] and the undersigned Magistrate Judge granted his request [Doc. 4].  An affidavit to disqualify a judge may not be filed after a litigant has "tested the judicial waters" by seeking discretionary relief.

This is not a situation where a party did not know that the case was assigned to a particular judge.  At the outset, the undersigned Magistrate Judge was one of two judges assigned to hear the case.  Thus, Vacek knew which judges were assigned from the moment the Complaint was filed.

### 28 U.S.C. § 455

There exists an alternative procedure for disqualification under 28 U.S.C. § 455.  This statute requires a justice, judge or magistrate judge to disqualify himself or herself in various enumerated circumstances outlined under § 455(b).  It provides:  "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Id. § 455(a).  Certain listed circumstances also require a judge to recuse himself:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2) where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

4

(3) where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) he knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;

> (ii) is acting as a lawyer in the proceeding;

> (iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; or

> (iv) is to the judge's knowledge likely to be a material witness in the proceeding.

Id. § 455(b).

None of those enumerated circumstances exist in this case.  Thus, § 455 is not applicable. Additionally, a justice, judge or magistrate judge must disqualify himself or herself in any proceeding in which his/her impartiality might reasonably be questioned.  28 U.S.C. § 455(a).  The undersigned does not know, has never met, and has never had any dealings with Vacek, personally or professionally.  No factual predicate exists to substantiate such a conclusion or a finding that the undersigned magistrate judge's impartiality might reasonably be questioned.

## CONCLUSION

Just as there is a duty for a judge to recuse when there exists a constitutional or statutory reason, there is an equally compelling duty for a judge to hear the matter when no constitutional or

statutory reason has been provided that would compel recusal.  <u>Hinman</u>, 831 F.2d at 939; <u>Nichols v. Alley</u>, 71 F.3d 347, 351 (10th Cir. 1995).  Accordingly, the Court finds no basis for recusal under either § 28 U.S.C. 144 or 28 U.S.C. § 455(a).

IT IS THEREFORE ORDERED that Vacek's request to disqualify the undersigned Magistrate Judge ("Amended District Judge Option") [Doc. 6] is DENIED.

_____
Lorenzo F. Garcia
Chief United States Magistrate Judge