IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAN L. VACEK,

        Plaintiff,

  vs.                                          CIVIL NO.  08-1210 JP/LFG

JUDICIAL STANDARDS
COMMISSION et al.,

        Defendants.

## ORDER DENYING MOTION TO RESET/REISSUE SCHEDULING ORDER

THIS MATTER is before the Court on Plaintiff Dan L. Vacek's ("Vacek") Motion to Reset/ Reissue Scheduling Order [Doc. 74]. As this is a motion directed to the Court's own scheduling, no response is necessary.

In accord with the Court's obligations under Fed. R. Civ. P. 16, it issued an Initial Scheduling Order requiring the parties to meet and confer, cooperate in preparing a Joint Status Report, formulate a discovery plan, make initial disclosures under Rule 26, and appear for a Rule 16 scheduling conference [Doc. 61]. However, prior to the parties' meet-and-confer session, Defendants filed a motion to dismiss [Doc. 62]. This motion asserts, *inter alia*, that Vacek's complaints are barred under the doctrines of *res judicata*, claims preclusion, and absolute and qualified immunity.

Qualified immunity protects public officials who perform discretionary functions from liability as well as the burdens of litigation, including discovery. Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1945-46 (2009); Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982); Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004). Moreover, officials are entitled to broader

"absolute" immunity when they are being sued for conduct related to a judicial act, Pierson v. Ray, 386 U.S. 547, 553-54 (1967), or a prosecutorial act, Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976), or a legislative act, Tenne v. Brandhove, 341 U.S. 367, 372-76 (1951).

The United States Supreme Court carefully instructed lower courts that to require parties to be burdened by aspects of litigation, including discovery, when the issue of qualified or absolute immunity is before the court, robs the defendants who are entitled to assert these defenses of the very benefits of the immunity defense. Saucier v. Katz, 533 U.S. 194, 200-202 (2001), *overruled on other grounds*, Iqbal; Jiron v. City of Lakewood. In this district, the Court is required to stay discovery pending the resolution of those motions raising immunity. Jiron v. City of Lakewood.

Due to Defendants' filing of the motion to dismiss, the Court entered a *Sua Sponte* Order abating the initial scheduling obligations and assigning the case to an administrative track pending the trial judge's consideration and disposition of the motion to dismiss [Doc. 64]. The Court's *Sua Sponte* Order of abatement noted that, should the trial court deny Defendants' motion to dismiss, the Court would issue another Initial Scheduling Order, conduct a Rule 16 scheduling conference and assign the case to a standard case management track. [Doc. 64, p. 2]. As yet, the Court has not ruled on the motion to dismiss.

IT IS THEREFORE ORDERED that Vacek's Motion to Reset/Reissue Scheduling Order is denied as premature.

                                                         */s/ Lorenzo F. Garcia*
                                                         Lorenzo F. Garcia
                                                         Chief United States Magistrate Judge