IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAN L. VACEK,

        Plaintiff,
vs.                                                   CIVIL NO. 08-1210 LH/LFG

JUDICIAL STANDARDS
COMMISSION et al.,

        Defendants.

**ORDER DENYING MOTION TO ALTER OR AMEND**

THIS MATTER is before the Court on *pro se* Plaintiff Dan L. Vacek ("Vacek")'s "Motion to Alter or Amend" [Doc. 94], and his "Amended Motion to Alter or Amend" [Doc. 96]. No response is required to either motion.

The amended motion is filed pursuant to FED. R. CIV. P. 59(e). *See*, Hatfield v. Board of County Commissioners, 52 F.3d 858, 861 (10th Cir. 1995). There are only three appropriate grounds for relief under this rule: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

Rule 59 may not be used as a vehicle to simply regurgitate prior arguments or present evidence that could have been raised prior to the challenged determination. *See*, Steele v. Young, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993).

Vacek does not argue that there is any intervening change in controlling law that compels the Court's reconsideration. Nor does he contend and establish that evidence which was previously unavailable has now been made available and that this newly-discovered evidence compels the Court's reconsideration.

Rather, it appears that Vacek simply disagrees with the Court's analysis.

In determining what is manifest error for purposes of Rule 59(e), courts have found that mere disagreement with the Court's determination does not constitute manifest error.  *See*, Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993); FDIC v. Cage, 810 F. Supp. 745, 747 (S.D. Miss. 1993).  Thus, the fact that Vacek disagrees with the Court's determination is simply not evidence that the Court has committed manifest error.

Moreover, 59(e) provides for "an extraordinary remedy which should be used sparingly." *See*, 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995).  In adherence to the Court's responsibility of using 59(e) sparingly, and finding that there is no manifest error, the Court exercises its considerable discretion in denying Vacek's 59(e) motion.  Phelps v. Hamilton, 122 F. 3d 1309, 1324 (10th Cir. 1997).

IT IS THERFORE ORDERED that Plaintiff's Motion to Alter or Amend [Doc. 94] and his Amended Motion to Alter or Amend [Doc. 96] are DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge